USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 06/20/2016

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                                        :
YVA PIERRE,                                                             :
                                                                        :
                                    Plaintiff,                          :       14-CV-8449 (JMF)
                                                                        :
              -v-                                                       :       MEMORANDUM OPINION
                                                                        :            AND ORDER
LANTERN GROUP FOUNDATION, INC, et al.,                                  :
                                                                        :
                                    Defendants.                         :
                                                                        :
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

   Plaintiff Yva Pierre, proceeding *pro se*, sues Defendants Lantern Group Foundation, Inc. ("Lantern"), Terrence Tally, Anthony Richardson, Leanne Jaffe, and Michelle Washington, asserting claims under federal and state law for discrimination, harassment, defamation, and assault. Plaintiff's allegations are, to put it mildly, thin, but appear to center around her home.[1] She alleges that Talley, Richardson, and Jaffe filed false police complaints against her and harassed her and her guests. (*See* Compl. (Docket No. 1) 3). She further alleges that Washington, a security guard employed by Lantern, assaulted and severely injured her in January 2011. (*See* Compl. 3). Plaintiff contends that she has lost her housing and suffered mental and physical harm as a result of Defendants' behavior. (*See* Compl. 4). Prior to filing her Complaint with this Court, Plaintiff had filed a complaint of housing discrimination with the United States

---

[1] The following facts are taken from the slim allegations in the Complaint, the exhibit annexed thereto, and any factual allegations in Plaintiff's opposition papers that are consistent with the Complaint. *See, e.g.*, *Karmely v. Wertheimer*, 737 F.3d 197, 199 (2d Cir. 2013); *Reynolds v. City of Mt. Vernon*, No. 14-CV-1481 (JMF), 2015 WL 1514894, at *1 (S.D.N.Y. Apr. 15, 2015) (noting that courts may consider factual allegations in a *pro se* plaintiff's opposition papers, so long as they are consistent with the complaint).

Department of Housing and Urban Development ("HUD") on or around November 20, 2012, presumably stemming from the same conduct.  (*See* Compl., Ex. 1).  HUD referred the complaint to the New York State Division of Human Rights.  (*Id.* at 1).  There is no record of any further proceedings before, or communications with, HUD or the state human rights agency.

Lantern, the only defendant to have been served, now moves to dismiss the Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.[2]  In evaluating a motion to dismiss, a court must accept all facts set forth in the complaint as true and draw all reasonable inferences in the plaintiff's favor.  *See, e.g.*, *Burch v. Pioneer Credit Recovery, Inc.*, 551 F.3d 122, 124 (2d Cir. 2008) (per curiam).  A court may not dismiss any claims unless the plaintiff has failed to plead sufficient facts to state a claim to relief that is facially plausible, *see Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), that is, one that contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A plaintiff must show "more than a sheer possibility that a defendant acted unlawfully," *Iqbal*, 556 U.S. at 678, and cannot rely on mere "labels and conclusions" to support a claim, *Twombly*, 550 U.S. at 555.  If the plaintiff's pleadings "have not nudged [his or her] claims across the line from conceivable to plausible, [the] complaint must be dismissed." *Id.* at 570.  Finally, because Plaintiff is proceeding *pro se*, her pleadings "'must be held to less stringent standards than formal pleadings drafted by lawyers.'"  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97,

---

[2]     Lantern filed its motion on December 14, 2015.  (*See* Docket No. 29).  The Court directed Plaintiff either to amend her Complaint or file an opposition to the motion by January 26, 2016.  (*See* Docket No. 30).  Plaintiff did neither, but filed a motion on February 22, 2016, requesting that the Court subpoena Defendants and proceed with the case, which (although untimely) the Court will treat as an opposition to Lantern's motion.  (*See* Docket Nos. 38, 39).  The Court's recent mailings to Plaintiff have been returned as undeliverable.

106 (1976)).  Nonetheless, a *pro se* litigant must still state a plausible claim for relief.  *See, e.g.*, *Walker v. Schult*, 717 F.3d 119, 124 (2d Cir. 2013).  Put another way, the Court's "'duty to liberally construe a plaintiff's complaint [is not] the equivalent of a duty to re-write it.'" *Geldzahler v. N.Y. Med. Coll.*, 663 F. Supp. 2d 379, 387 (S.D.N.Y. 2009) (alteration in original) (quoting 2 Moore's Federal Practice § 12.34[1][b], at 12-61).

     Here, although the precise nature of Plaintiff's claims is unclear, given the allegations in the Complaint and the letter from HUD, the Court construes her to be alleging discrimination under the Fair Housing Act ("FHA"), 42 U.S.C. § 3601, *et seq.*  (*See* Compl. 3-4; *id.*, Ex. 1).  The FHA makes it unlawful for property owners and their agents to "'unlawfully discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling.'" *Mitchell v. Shane*, 350 F.3d 39, 47 (2d Cir. 2003) (quoting 42 U.S.C. § 3604(b)).  Some courts have interpreted this to include a prohibition against harassment after the plaintiff has rented or bought the dwelling.  *See Haber v. ASN 50th St. LLC*, 847 F. Supp. 2d 578, 584 n.3 (S.D.N.Y. 2012) (noting a Circuit split with respect to whether the FHA covers "post-acquisition" discrimination, but that "[d]istrict courts in this Circuit have held that Section 1367 [of the FHA] prohibits certain types of post-acquisition discrimination" (collecting cases)).  A plaintiff bringing such a claim of a hostile housing environment, however, must plead and prove (1) that she was subjected to harassment that was sufficiently pervasive and severe so as to create a hostile housing environment; (2) that the harassment was because of the plaintiff's membership in a protected class; and (3) that a basis exists for imputing the allegedly harassing conduct to the landlord.  *See Francis v. Kings Park Manor, Inc.*, 91 F. Supp. 3d 420, 428 (E.D.N.Y. 2015); *Cain v. Rambert*, No. 13-CV-5807 (MKB), 2014 WL 2440596, at *5 (E.D.N.Y. May 30, 2014).

Applying those standards here, Plaintiff's FHA claim against Lantern (and any parallel claim under New York Executive Law Section 296, which would be analyzed under the "same framework" as the FHA claim, *Olsen v. Stark Homes, Inc.*, 759 F.3d 140, 153 (2d Cir. 2014); *see Francis*, 91 F. Supp. 3d at 434) plainly must be dismissed.[3] Put simply, Plaintiff nowhere alleges that she is a member of a protected class or connects the alleged harassment by Defendants to any discriminatory motive. *See Francis*, 91 F. Supp. 3d at 433 (dismissing FHA hostile housing environment claims because the plaintiff had failed to plead evidence of racial animus); *Haber*, 847 F. Supp. 2d at 586 (holding that the plaintiff had failed to make a prima facie case because he "offer[ed] only his own conclusory assertions that Defendants acted for racially motivated reasons"). Thus, Plaintiff pleads nothing that would "give plausible support to [even] a minimal inference of discriminatory motivation." *Littlejohn v. City of N.Y.*, 795 F.3d 297, 311 (2d Cir. 2015). Her discrimination claim is accordingly dismissed.[4]

Plaintiff's remaining claims against Lantern, which all arise under state law, are subject to dismissal for either of two reasons. First, substantially for the reasons set forth in Lantern's memorandum of law (*see* Mem. Law Supp. Def.'s Mot. To Dismiss (Docket No. 34) 2-4), they

---

[3] Lantern's connection to the individual Defendants is not entirely clear; only Washington is alleged to be a Lantern employee in the Complaint. (*See* Compl. 3). Because Plaintiff's claims clearly fail for other reasons, the Court need not and does not address whether any of the conduct alleged can be imputed to Lantern under agency principles.

[4] In all likelihood, Plaintiff's FHA claim is also time barred. Claims under the FHA must be brought within two years of the allegedly discriminatory housing action. *See* 42 U.S.C. § 3613(a)(1)(A). Here, Plaintiff alleges that the discrimination and harassment she endured took place in or before 2011, yet she did not file her Complaint until October 20, 2014. (Compl. 3). That said, Plaintiff's HUD complaint was referred to the New York State Division of Human Rights, and the statute of limitations was tolled during the pendency of any state investigation. *See Adams v. Han*, 478 F. App'x 686, 687-88 (2d Cir. 2012) (summary order); 42 U.S.C. § 3613(a)(1)(A). Because the length of that investigation is not apparent on the present record, the Court cannot say as a matter of law that Plaintiff's FHA claim is time barred.

are patently untimely.  *See* N.Y.C.P.L.R. § 215(3) (imposing a one-year statute of limitations for assault); N.Y. C.P.L § 30.10(2)(c) (imposing a two-year statute of limitations for a prosecution of criminal harassment under N.Y.P.L. 240.25); *Etheredge-Brown v. Am. Media, Inc.*, 13 F. Supp. 3d 303, 304 (S.D.N.Y. 2014) (noting that "New York imposes a one-year statute of limitations on defamation claims" (citing N.Y.C.P.L.R. § 215(3)); *Overall v. Klotz*, 846 F. Supp. 297, 300 & n.1 (S.D.N.Y. 1994) (applying a one-year statute of limitations to a claim for intentional infliction of emotional distress, following the practice of New York courts), <u>aff'd</u> 52 F.3d 398 (2d Cir. 1995); *see also Poulos v. City of N.Y.*, No. 14-CV-3023 (LTS), 2016 WL 224135, at *3 (S.D.N.Y. Jan. 19, 2016) (treating claims for "harassment" and "intimidation" as either a private cause of action implied under N.Y.P.L. 240.25 or as a claim for intentional infliction of emotional distress).  *See generally Ellul v. Congregation of Christian Bros.*, 774 F.3d 791, 798 n.12 (2d Cir. 2014) (noting that while the statute of limitations is typically an affirmative defense, a court may grant a motion to dismiss on that basis when the deficiency is clear from the face of the complaint).  Second, even if any claim were timely, the Court would decline to exercise supplemental jurisdiction pursuant to Title 28, United States Code, Section 1367.  Under that provision, a district court has discretion over whether to exercise jurisdiction over state-law claims "that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."  28 U.S.C. § 1367(a).  The Supreme Court and the Second Circuit have made clear, however, that, as a general rule, "when the federal claims are dismissed the 'state claims should be dismissed as well.'"  *In re Merrill Lynch Ltd. P'ships Litig.*, 154 F.3d 56, 61 (2d Cir. 1998) (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966)).  Here, there is no reason to depart from that general rule.  Given the relatively early state of the case, the traditional

"values of judicial economy, convenience, fairness, and comity" that the Court must consider, *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988), do not counsel in favor of exercising jurisdiction.  Accordingly, Plaintiff's remaining claims are dismissed.

For the foregoing reasons, Lantern's motion is GRANTED in its entirety.  In addition, Pierre's claims against the other defendants must be and are dismissed.  As an initial matter, there is no indication that those defendant have been served; presumably, therefore, the claims against them are subject to dismissal under Rule 4(m) of the Federal Rules of Civil Procedure.  Second, and in any event, Plaintiff's claims against them fail as a matter of law for the same reasons that her claims against Lantern failed.

Plaintiff does not request leave to amend her Complaint, and the Court will not grant it *sua sponte*.  Under Rule 15 of the Federal Rules of Civil Procedure, "a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2).  The Second Circuit has held that a Rule 15(a) motion — which Plaintiff has not even made — "should be denied only for such reasons as undue delay, bad faith, futility of the amendment, and perhaps most important, the resulting prejudice to the opposing party."  *Aetna Cas. & Sur. Co. v. Aniero Concrete Co.*, 404 F.3d 566, 603 (2d Cir. 2005) (internal quotation marks omitted); *see also Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*, 797 F.3d 160, 190 (2d Cir. 2015) ("leav[ing] unaltered" prior case law on denial of leave to amend, including the rule that "leave may be denied where amendment would be futile").  At the same time, "the grant or denial of an opportunity to amend is within the discretion of the District Court."  *Williams v. Citigroup Inc.*, 659 F.3d 208, 214 (2d Cir. 2011).  Applying those principles here, the Court concludes that leave to amend is not warranted because further amendment would be futile.  Plaintiff has given no

6

indication that she can connect the alleged harassment and discrimination in the Complaint to any discriminatory animus.  Additionally, most if not all of Plaintiff's claims are time barred, which "better pleading will not cure." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). Finally, Plaintiff was given an opportunity to amend and expressly cautioned that she would "not be given any further opportunity to amend the complaint to address issues raised by" Lantern's motion.  (Docket No. 30).  Leave to amend is therefore denied.

The Clerk of Court is directed to terminate Docket Nos. 31 and 38, to mail a copy of this Order to Plaintiff, and to close the case.

SO ORDERED.

Date:   June 20, 2016
        New York, New York

_____
JESSE M. FURMAN
United States District Judge